**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Aston Earl McCREA, Defendant–Appellant.**

No. 12–4755.

United States Court of Appeals, Fourth Circuit.

Submitted: May 31, 2013.

Decided: June 20, 2013.

Krysia Carmel Nelson, Law Offices of Krysia Carmel Nelson, PLC, Keswick, Virginia, for Appellant. Daniel P. Bubar, Office of the United States Attorney, Roanoke, Virginia, for Appellee.

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aston Earl McCrea was convicted after a jury trial of one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 (2006); one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006); one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). The district court sentenced McCrea to a total of 180 months' imprisonment. McCrea's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that, in counsel's view, there are no meritorious issues

for appeal, but questioning whether the court erred by denying McCrea's motion for judgment of acquittal, whether the sentence imposed was reasonable, and whether McCrea received ineffective assistance from trial counsel. McCrea filed a supplemental pro se brief raising a number of issues. We affirm.

## I.

This court reviews de novo a district court's denial of a Fed.R.Crim.P. 29 motion for judgment of acquittal. *United States v. Alerre,* 430 F.3d 681, 693 (4th Cir.2005). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *see United States v. Penniegraft,* 641 F.3d 566, 571–72 (4th Cir.), *cert denied,* —— U.S. ——, 132 S.Ct. 564, 181 L.Ed.2d 407 (2011). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Alerre,* 430 F.3d at 693 (internal quotation marks omitted). In evaluating the sufficiency of the evidence, we consider both circumstantial and direct evidence, *United States v. Harvey,* 532 F.3d 326, 333 (4th Cir.2008), and do not reweigh the evidence or reassess the factfinder's credibility determinations, *United States v. Roe,* 606 F.3d 180, 186 (4th Cir.2010). We will "reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." *United States v. Moye,* 454 F.3d 390, 394 (4th Cir.2006) (en banc) (internal quotation marks omitted).

To prove conspiracy to distribute a controlled substance in violation of § 846, the government must establish that (1) two or more persons agreed to distribute the controlled substance; and the defendant, (2)

knowing of the conspiracy, (3) knowingly and voluntarily became a part of it. *United States v. Kellam,* 568 F.3d 125, 139 (4th Cir.2009).

To sustain a conviction for possession with intent to distribute marijuana, in violation of § 841(a)(1), the government must prove that: (1) the defendant possessed the marijuana; (2) that he did so knowingly; and (3) that he intended to distribute it. *Penniegraft,* 641 F.3d at 572.

In order to obtain a conviction for a money laundering conspiracy under § 1956(h), the government must prove: (1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C. § 1956(a) or § 1957; and that the defendant, (2) knowing that the money laundering proceeds had been derived from an illegal activity, (3) knowingly and voluntarily became part of the conspiracy. *United States v. Singh,* 518 F.3d 236, 248 (4th Cir.2008).

To secure a conviction under 18 U.S.C. § 922(g)(1), the government must establish that (1) the defendant was a convicted felon; (2) he knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce. *United States v. Gallimore,* 247 F.3d 134, 136 (4th Cir.2001); *United States v. Langley,* 62 F.3d 602, 606 (4th Cir.1995) (en banc). Here, the parties stipulated McCrea's status as a felon and the interstate commerce element.

Finally, in order to prove the § 924(c)(1) violation charged here, the government must show that (1) the defendant possessed a firearm (2) in furtherance of a drug trafficking offense. *United States v. King,* 628 F.3d 693, 699 (4th Cir.2011).

We have thoroughly reviewed the record and conclude that the Government provided substantial evidence of McCrea's guilt of each of these offenses, and therefore the

district court did not err in denying McCrea's motion for a judgment of acquittal.

## II.

Counsel next questions whether the district court erred in sentencing McCrea. We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines sentencing range, insufficiently considering the 18 U.S.C. § 3553(a) (2006) sentencing factors, or inadequately explaining the sentence imposed. *Id.* If the sentence is free of significant procedural error, we then review its substantive reasonableness, examining "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If the sentence is below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. *United States v. Susi,* 674 F.3d 278, 289 (4th Cir.2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes–Pineda,* 445 F.3d 375, 379 (4th Cir.2006) (internal quotation marks omitted). After a thorough review of the record, we conclude that the below-Guidelines sentence imposed by the district court was both procedurally and substantively reasonable.

## III.

Counsel and McCrea question whether trial counsel rendered constitutionally ineffective assistance. As counsel recognizes, however, in the absence of conclusive evidence of ineffective assistance of counsel

on the face of the record, such claims are not cognizable on direct appeal. *United States v. Powell,* 680 F.3d 350, 359 (4th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 376, 184 L.Ed.2d 222 (2012). Because the record does not conclusively establish or even suggest that trial counsel rendered ineffective assistance, we decline to address this claim on direct appeal. Finally, we have examined the remainder of McCrea's pro se claims, and conclude that they entitle him to no relief.

## IV.

In accordance with *Anders,* we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny McCrea's pro se motion for appointment of new counsel. This court requires that counsel inform McCrea, in writing, of the right to petition the Supreme Court of the United States for further review. If McCrea requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*